Filed 22-CI-00739 12/09/2022 Tanya Bowman, Hopkins Circuit Clerk

NOT ORIGINAL DOCUMENT
12/13/2022 09:25:02 AM
82557

COMMONWEALTH OF KENTUCKY
HOPKINS CIRCUIT COURT
CASE NO. 22-CI-_____
*electronically filed*

ESTATE OF JEFFREY K. ECKERT (Deceased)     PLAINTIFF
95 Elaine Drive
Dawson Springs, KY 42408

vs.     **COMPLAINT**

AUTO-OWNERS INSURANCE COMPANY     DEFENDANT
6101 Anacapri Blvd
Lansing, MI 48917

PROCESS AGENT:     CT CORPORATION SYSTEM
306 W. Main Street
Suite 512
Frankfort, KY 40601
**Via Certified Mail**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes now the Plaintiff, Estate of Jeffrey K. Eckert, by and through counsel, and for its cause of action states:

1. Plaintiff is an Estate of Hopkins County, at all relevant times for the purposes of this litigation.

2. Defendant Auto-Owners Insurance Company is a foreign insurance company, but does business in the Commonwealth of Kentucky, and is therefore subject to the jurisdiction of this Court.

3. Plaintiff seeks damages in excess of the minimum limit for this Court.

**COUNT 1 – BREACH OF CONTRACT**

4. The Plaintiff, the Estate of Jeffrey K. Eckert (hereinafter referred to as "the Estate") is legally appointed to act on behalf of Jeffrey K. Eckert in presumed full capacity as if he were

not deceased. All actions taken by the Estate are to be legally interpreted as being one and the same as Jeffrey K. Eckert's actions.

5. The Plaintiff, prior to death, entered into an Insurance Policy contract for homeowners' insurance with Auto-Owners Insurance Company, on November 3, 2021.

6. That under the terms of the insurance contract, the Plaintiff was to pay $1,063.74 yearly, and in return, among many other entitlements, be entitled to negotiate for any loss.

7. That on or before December 10, 2021, a tornado decimated and destroyed the Plaintiff's home, property, and all personal belongings beyond repair.

8. That on January 6, 2022, Auto-Owners Insurance Company through employees or its representing agents made the unconscionable decision to enter into negotiations for settlement purposes with an individual who had no legal authority to negotiate on behalf of the Estate of Jeffrey K. Eckert.

9. It was not until February 9, 2022, the Hopkins County Probate Court appointed Sherry L. Kane as the Administratrix of the Estate (hereinafter referred to as "Administratrix), granting her and her solely, the power and authority to make decisions and/or enter agreements for the Estate.

10. Following, is a brief timeline of referenced correspondence:

   a) **January 6, 2022,** Amy Blades (Aministratrix for a separate estate of Jennifer Eckert) sent email to Jeff Malec with Subject "Jeff and Jennifer Eckert Death Certificates".

   b) **January 7, 2022,** Malec asks Amy Blades for power of attorney form.

   c) **January 18, 2022,** Amy Blades informs Malec that a court hearing is set for February 1, 2022.

   d) **February 1, 2022,** Appointment Hearing at Hopkins County Probate Court.

   e) **February 2, 2022,** Administratrix Blades sends email to Malec and references attaching her appointment order and notifying Malec that

Filed                22-CI-00739        12/09/2022             Tanya Bowman, Hopkins Circuit Clerk
NOT ORIGINAL DOCUMENT
12/13/2022 09:25:02 AM
82557

there is a separate Administratrix for the Estate of Jeffrey K. Eckert; Administratrix Blades asks, "can you please share with me again the amounts of the distribution checks?"; and Administratrix Blades askes for the amount to be split in half and mailed to each Administratrix separately.

f) **February 4, 2022,** Malec asks Administratrix Blades for the contact information for the Administratrix of the Estate of Jeffrey K. Eckert and states, "We are close to getting this done!" Administratrix Blades sends email to Malec again asking for checks to be split. Administratrix Blades sends email to Jeff Malec and Administratrix Kane as an introduction. (*Please note*: This is the first contact Sherry Kane has with Jeff Malec.)

g) **February 8, 2022,** Malec asked Sherry Kane for appointment order and contact information and states, "I am trying to get this done and the money released for this matter but need this last piece of information."

h) **February 9, 2022,** Order Appointing Fiduciary for Administratrix Kane signed by Judge Whitledge.

i) **February 11, 2022,** Administratrix Kane emailed copy of the signed Order Appointing Fiduciary to Malec and requested a copy of the insurance policy.

j) **February 14, 2022,** Malec informs Administratrixes Blades and Kane that he has "sent to examiner for direction to pay on the file" and that he will get a copy of the policy.

k) **February 17, 2022,** Malec forwards the policy attached at the end of a long email chain between him and Administratrix Blades. Malec states he has submitted everything to home office for approval and adds, "***As always I try to be fair as possible and find all the coverage that is owed to you both***." Administratrix Kane responds that she has received no numbers or many details as of February 17, 2022.

l) **February 21, 2022,** Malec sends approved settlement amount in Administratrix Blades name to both Administratrix Blades and Kane and states that check will be made out to both estates. (*Please note* this is the first time any actual numbers were mentioned by Malec to the Estate of Jeffrey K. Eckert.)

Administratrix Kane asks for copies of the original documents from the origination of this claim. Malec states he has sent the policy and asks who would like the check and adds, "I have direction to pay this as of this morning." Administratrix Kane asks for "electronic copies of any

Presiding Judge: HON. CHRIS OGLESBY (604403)

COM : 000003 of 000009

Filed                22-CI-00739        12/09/2022             Tanya Bowman, Hopkins Circuit Clerk

Filed                22-CI-00739      12/09/2022              Tanya Bowman, Hopkins Circuit Clerk

NOT ORIGINAL DOCUMENT
12/13/2022 09:25:02 AM
82557

and all documents related to the application/filing of this claim, as I was not part of this process from the beginning….” Malec states, “I have provided all on the claims side…. **Most everything is at policy limits already**. I will send the check to Amy as I have been working with her on the claim and you both can sort it out with the estates.” Administratrix Kane again points out Malec has been working solely with Administratrix Blades.

m) **February 22, 2022,** Malec states he has "issued the check and settlement letter to Amy address."

n) **March 2, 2022,** Administratrix Blades asks Administratrix Kane for approval to sign the check from Auto-Owners Insurance on behalf of the Estate of Jeffrey K. Eckert; Administratrix Kane declines authority to sign the check on behalf of the Estate of Jeffrey K. Eckert as the process felt rushed and mismanaged.

11. That multiple times, Administratrix for the Estate requested documents and information on the negotiation which took place. Never once did Administratrix agree to the settlement negotiated prior to her appointment, in fact she made it known to Auto-Owners Insurance Company representative Jeff Malec she was in need of this information and was never a part of the negotiation process.

12. Auto Owners Insurance Company breached the contract in place with the Estate of Jeffrey K. Eckert by failing to include her in negotiations and negotiating in bad faith.

13. The Estate has incurred expenses for service line repairs to the water and sewer lines which were ripped out of the ground and damaged by the tornadoes on or about December 10, 2021. The Estate has paid $7,250.00 for service line repairs; this amount should have been covered under the Auto-Owners Insurance Policy in effect on or about December 10, 2022.

14. The Estate has contracted for services for general debris removal and cleanup work necessary at 95 Elaine Drive, Dawson Springs, KY. The amount contracted for is $9,360.00. The work is to begin as soon as weather conditions allow. The amount for general debris removal

Presiding Judge: HON. CHRIS OGLESBY (604403)

COM : 000004 of 000009

Filed    22-CI-00739    12/09/2022    Tanya Bowman, Hopkins Circuit Clerk

NOT ORIGINAL DOCUMENT
12/13/2022 09:25:02 AM
82557

should have been covered under the Auto-Owners Insurance policy in effect on or about December 10, 2021.

15. The Estate incurred monetary damages as a result of Auto-Owners Insurance Company's breach of contract.

**COUNT II-VIOLATED KENTUCKY'S UNFAIR CLAIMS SETTLEMENT PRACTICES ACT**

16. Plaintiff repeats and re-alleges by reference each and every allegation contained in the preceding paragraphs and incorporates the same as if fully set forth herein.

17. At the date and time described above, Plaintiff had a policy of insurance in force, issued by Auto-Owners Insurance Company (Auto-Owners) policy number 53-601-155-00.

18. On November 8, 2022, Plaintiff, through her attorney, made a demand for Auto-Owners to cancel and void any previously dispersed settlement checks for the prematurely negotiated settlement amount.

19. Additionally, Plaintiff made a demand for legal settlement negotiations to promptly begin and for an extension of time beyond December 10, 2022, to negotiate such settlement.

20. Defendant Auto-Owners, through its Manager of the North Regional Catastrophe Team, John Dukes, did not make any attempt to negotiate, and in fact rejected the offer for an extension of time to have legal settlement negotiations with the court appointed Administratrix of the Estate.

21. Defendant Auto-Owners, through John Dukes, insisted we proceed with completing a Proof of Loss form. Again, making no such effort to negotiate a settlement with the Administratrix of the Estate.

Presiding Judge: HON. CHRIS OGLESBY (604403)

COM : 000005 of 000009

Filed    22-CI-00739    12/09/2022    Tanya Bowman, Hopkins Circuit Clerk

Filed  22-CI-00739  12/09/2022  Tanya Bowman, Hopkins Circuit Clerk

NOT ORIGINAL DOCUMENT
12/13/2022 09:25:02 AM
82557

22. Defendant Auto-Owners negotiated a settlement for a total sum of $247,924.76 with an individual who has no authority over the Estate.

23. The results of the egregious and unlawful negotiations which took place were then pushed to be accepted by the Administratrix, with Jeff Malec going as far as telling her that the settlement was for near the Policy Limit without providing any documentation or records of the negotiation or how that number was determined.

24. On or about February 17, 2021, Malec stated, "As always I try to be fair as possible and find all the coverage that is owed to you both."

25. The Personal Property and contents was insured for $134,470.00 and was negotiated for a settlement of $67,235.00; additionally, but not limited to, the "other structures" was insured for $19,210.00 and was negotiated for a settlement of $3,180.00.

26. There was no amount ($0) provided for service line coverage as covered in the policy for up to $10,000.00.

27. There was no amount ($0) provided for general debris removal as covered by the policy for all "reasonable and necessary expenses you incur to remove debris of covered property…" (Policy, Section I, 4. Additional Coverages, a. Debris Removal).

28. For the record, this property and structure was completely destroyed and blown away by this tragic tornado on December 10, 2021, which the Defendant does not deny.

29. To date, Defendant Auto-Owners has not disputed the negotiated settlement took place with an unauthorized individual not representing the Estate.

30. Defendant Auto-Owners has violated Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230(1) by misrepresenting the unlawfully negotiated settlement as close to "policy limit".

31. Defendant Auto-Owners has violated Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230(1) by misrepresenting the unlawfully negotiated settlement as

Presiding Judge: HON. CHRIS OGLESBY (604403)

COM : 000006 of 000009

Filed  22-CI-00739  12/09/2022  Tanya Bowman, Hopkins Circuit Clerk

Filed    22-CI-00739    12/09/2022    Tanya Bowman, Hopkins Circuit Clerk

NOT ORIGINAL DOCUMENT
12/13/2022 09:25:02 AM
82557

Malec stated, "As always I try to be fair as possible and find all the coverage that is owed to you both."

32. Defendant Auto-Owners has violated Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230(2) by failing to acknowledge the Administratrix's concern of Auto-Owners negotiating a settlement with an unauthorized individual representing the Estate.

33. Defendant Auto-Owners has violated Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230(3) by failing to implement reasonable standards for the prompt investigation of the claims made by Administratrix which arose under the circumstances covered by the insurance policy.

34. Defendant Auto-Owners has violated Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230(4) by refusing to pay claims without conducting a reasonable investigation based upon the information brought forward to them by the Administratrix.

35. Defendant Auto-Owners has violated Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230(6) by acting in bad faith to effectuate prompt, fair and equitable settlements of the Estate claim, notwithstanding the clear liability of Auto-Owners insured, the Estate.

36. Defendant Auto-Owners has violated Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230(7) by compelling the Estate to institute litigation to recover amounts due under policy number 53-601-155-00, by offering substantially less than the amounts to be recovered in actions brought by the Estate.

37. Defendant Auto-Owners has violated Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230(9) by attempting to settle the claim based on an application which was altered without notice to, or knowledge or consent of the Estate.

38. Defendant Auto-Owners has violated Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230(12) by delaying payment of claims by requiring the Estate to now

Filed                    22-CI-00739      12/09/2022          Tanya Bowman, Hopkins Circuit Clerk
NOT ORIGINAL DOCUMENT
12/13/2022 09:25:02 AM
82557

submit a formal proof of loss form, when a tornado completely destroyed the entirety of the Estate and there is no way to have any knowledge of any preliminary claims report due to not being a part of the negotiation process.

39. Defendant Auto-Owners has violated Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230(13) by failing to promptly settle claims with the Administratrix of the Estate, where liability has become reasonably clear, under one (1) portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

40. Defendant Auto-Owners has violated Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230(14) by failing to promptly provide a reasonable explanation on the basis of the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

41. Plaintiff believes that Defendant has possibly violated other sections of Kentucky's Unfair Claims Settlement Practices Act as well.

42. Defendant Auto-Owners has operated and negotiated in bad faith throughout the entirety of this settlement period.

43. Plaintiff believes that Auto-Owners claim handling behaviors in this case are motivated by an improper profit motive and reflect a reckless disregard for the rights of the Estate.

44. Defendant Auto-Owner's violations of the Kentucky Unfair Claims Settlement Practices Act caused Plaintiff to suffer damages in addition to contractual damages, in the form of emotional distress, inconvenience, and the loss of the use of settlement monies to which entitled.

45. That Defendant's actions were willful, wanton, oppressive, fraudulent, malicious and/or grossly negligent and warrant the imposition of punitive damages.

Presiding Judge: HON. CHRIS OGLESBY (604403)
COM : 000008 of 000009

Filed    22-CI-00739    12/09/2022    Tanya Bowman, Hopkins Circuit Clerk

NOT ORIGINAL DOCUMENT
12/13/2022 09:25:02 AM
82557

Wherefore, Plaintiff Estate of Jeffrey K. Eckert respectfully demands the following:

1. Recovery of compensatory damages from Defendant Auto-Owners for the elements of Plaintiff's damages claimed and described above.

2. Compensatory and punitive damages from Defendant Auto-Owners for violations of the Unfair Claims Settlement Practices Act described above.

3. Trial by jury.

4. Her costs expended herein, including a reasonable attorney fee; and

5. Any and all other relief to which the Plaintiff may otherwise be entitled.

/S/Scott L. Triplett
Scott L. Triplett (KBA #92360)
TRIPLETT & CAROTHERS
8004 Lyndon Centre Way, Suite 102
Louisville, KY 40222
(502) 425-5562
probate@rozlaw.com
*Attorney for the Estate of Jeffrey Eckert*

| AOC-840 | Doc. Code: OFID | | Case No. | 22-P-00008 |
|---|---|---|---|---|
| Rev. 12-03 | | | Court | District |
| Page 1 of 1 | | | County | Hopkins |
| Commonwealth of Kentucky | | | | |
| Court of Justice   www.kycourts.gov | | **ORDER APPOINTING FIDUCIARY** | Division | 2 |
| KRS 395.105; 395.110 | | | | |

IN RE: Estate of JEFFREY K. ECKERT

ENTERED
TANYA M. BOWMAN, CLERK
FEB 09 2022
HOPKINS DISTRICT COURT
BY: [signature] D.C.

Upon hearing the Petition of SHERRY L. KANE, FRANKLIN, OH , the Court appoints SHERRY L. KANE to act as ADMINISTRATRIX of said estate and fixes bond in the sum of $ 350,000  ☑ with approved Surety OR ☐ with Surety having been waived.

SCOTT L. TRIPLETT OF TRIPLETT & CAROTHERS LAW OFFICE PROCESSING AGENT
8004 LYNDON CENTRE WAY, SUITE 102, LOUISVILLE, KY 40222

Date  Feb 9, 2022

Judge's Signature
Hon. William R. Whitledge

---

**To be completed on copies only:**

**CERTIFICATE OF QUALIFICATION**

I, Tanya M Bowman , Clerk of the Hopkins District Court, certify this is a true and correct copy of the Order Appointing Fiduciary as recorded in my office. This Order and Qualification is in full force and effect.

Date: Feb. 09 , 2022      Tanya M Bowman , Clerk

I, CLERK OF THE HOPKINS CIRCUIT COURT, HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE DOCUMENT AS IT APPEARS OF RECORD IN MY OFFICE.
THIS 9 DAY OF Feb. , 2022
TANYA M. BOWMAN, CLERK
BY [signature] D.C.

By: [signature] , D.C.

COMMONWEALTH OF KENTUCKY
HOPKINS CIRCUIT COURT
CIVIL ACTION NO. 22-CI-00739

ESTATE OF JEFFREY K. ECKERT                                           PLAINTIFF

v.                                  **ANSWER**
                              *(Electronically Filed)*

AUTO-OWNERS INSURANCE COMPANY
                                                                       DEFENDANT

\* \* \* \* \*

Comes now Defendant, Auto-Owners Insurance Company, by counsel, and for its Answer to Plaintiff's Complaint states as follows:

1. Plaintiff's Complaint fails to state a cause of action against the Defendant upon which relief may be granted.

2. The allegations contained in Paragraph 1 of Plaintiff's Complaint call for a legal conclusion and/or Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and cannot admit or deny same at this time.

3. In response to Paragraph 2 of Plaintiff's Complaint, Defendant admits that it is a foreign insurance company that does business in Kentucky; but otherwise, the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint call for a legal conclusion and Defendant cannot admit or deny same at this time.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and cannot admit or deny same at this time.

5. The allegations contained in Paragraph 4 of Plaintiff's Complaint call for a legal conclusion and/or Defendant is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 4 of Plaintiff's Complaint and cannot admit or deny same at this time.

6. In response to Paragraphs 5 and 6 of Plaintiff's Complaint, Defendant admits that it issued a policy of insurance and that the said Policy's provisions, terms, conditions, endorsements and exclusions speak for themselves; but otherwise, Defendant denies all allegations contained in Paragraphs 5 and 6 of Plaintiff's Complaint inconsistent therewith unless specifically admitted herein.

7. In response to Paragraph 7 of Plaintiff's Complaint, Defendant admits that Plaintiff made a claim for loss based on alleged weather events on or about December 10, 2021, but otherwise Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint and cannot admit or deny same at this time.

8. The allegations contained in Paragraphs 8 and 9 of Plaintiff's Complaint call for a legal conclusion and Defendant cannot admit or deny same at this time.

9. In response to Paragraph 10 of Plaintiff's Complaint, Defendant admits that certain communications occurred by email, the contents of which speak for themselves, but otherwise denies all allegations contained in Paragraph 10 of Plaintiff's Complaint inconsistent therewith and/or unless specifically admitted herein.

10. In response to Paragraph 11 of Plaintiff's Complaint, Defendant admits that certain communications occurred with, and information provided to Sherry K. Lane, the contents of which speak for themselves; but otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and cannot admit or deny same at this time.

11. The allegations contained in Paragraph 12 of Plaintiff's Complaint call for a legal conclusion and, accordingly, Defendant denies same.

12. The allegations contained in Paragraphs 13, 14 and 15 of Plaintiff's Complaint call for a legal conclusion and/or Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 13, 14 and 15 of Plaintiff's Complaint and accordingly, Defendant denies same.

13. In response to Paragraph 16 of Plaintiff's Complaint, Defendant incorporates herein by reference its answers to Paragraphs 1 through 15 of Plaintiff's Complaint as well as all affirmative defenses asserted herein as if set forth herein in full in response to Paragraph 16 of Plaintiff's Complaint.

14. In response to Paragraph 17 of Plaintiff's Complaint, Defendant admits that it issued a policy of insurance and that the said Policy's provisions, terms, conditions, endorsements and exclusions speak for themselves, but otherwise Defendant denies all allegations contained in Paragraph 17 of Plaintiff's Complaint inconsistent therewith unless specifically admitted herein.

15. In response to Paragraphs 18, 19, 20 and 21, 23, 24 of Plaintiff's Complaint, Defendant admits that certain communications occurred by email, the contents of which speak for themselves, but otherwise denies all allegations contained in Paragraphs 18, 19, 20 and 21, 23, and 24 of Plaintiff's Complaint inconsistent therewith and/or unless specifically admitted herein.

16. In response to Paragraph 22 of Plaintiff's Complaint, Defendant admits that it attempted to promptly and properly investigate, adjust and resolve the claim submitted and to offer a timely and fair amount in regard to same, but otherwise the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint call of a legal conclusion and, accordingly, are denied.

17. In response to Paragraphs 25, 26 and 27 of Plaintiff's Complaint, Defendant admits that Defendant admits that it issued a policy of insurance and that the said Policy's provisions, terms, conditions, endorsements and exclusions speak for themselves, and that certain communications and offers occurred in the adjustment process, the contents of which speak for themselves; but otherwise Defendant denies all allegations contained in Paragraphs 25, 26 and 27 of Plaintiff's Complaint inconsistent with said policy of insurance or inconsistent with such communications and/or unless specifically admitted herein.

18. In response to Paragraph 28 of Plaintiff's Complaint, Defendant admits that the loss at issue was severe in nature. In response to Paragraph 29 of Plaintiff's Complaint, Defendant admits that its representatives initially communicated with Amy Blades who, upon information and belief, was the daughter of and the representative of the estate of Jennifer Eckert, the Named Insured under the policy of insurance at issue and the wife of Plaintiff's decedent, Jeffery Eckert, but otherwise the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint call for a legal conclusion and, accordingly, are denied.

19. The allegations contained in Paragraphs 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, and 43 of Plaintiff's Complaint call for a legal conclusion and, accordingly, Defendant denies same.

20. The allegations contained in Paragraph 44 of Plaintiff's Complaint call for a legal conclusion and/or this Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Plaintiff's alleged damages as asserted in Paragraph 44 of Plaintiff's Complaint and, accordingly, Defendant denies all such allegations contained in Paragraph 44 of Plaintiff's Complaint.

21. The allegations contained in Paragraph 45 of Plaintiff's Complaint call for a legal conclusion and, accordingly, Defendant denies same.

22. Defendant denies all allegations contained in Plaintiff's Complaint unless specifically admitted herein.

23. Defendant affirmatively states and avers that Plaintiff's claims herein may be barred, in whole or in part, insofar as any necessary conditions precedent for extension of coverage under any applicable insuring contract of Answering Defendant has not been met, and/or insofar as Plaintiff has failed to abide by and/or breached the any such contract, by the legal doctrines of waiver, and/or estoppel, and Defendant affirmatively avers same as affirmative defenses herein at this time, subject to withdrawal pending further investigation and/or discovery in this matter.

24. Defendant affirmatively states and avers that Plaintiff's claims may be barred, in whole or in part, by the terms and conditions of the Kentucky Unfair Claims Settlement Practices Act, KRS § 304.12-230.

25. Defendant affirmatively states and avers that Plaintiff's alleged damages and claims herein may be barred, in whole or in part, pursuant to the applicable Statute of Limitations, the Policy at issue's time limitations for filing suit against Defendant, and/or laches, pending further investigation and/or discovery in this matter.

26. Defendant affirmatively states and avers that Plaintiff's claims herein may be barred, in whole or in part, insofar as these claims were caused and/or contributed to by others outside of the direction and/or control of Defendant and Plaintiff's claims must be reduced or dismissed accordingly.

27. Defendant affirmatively states and avers that Plaintiff's alleged damages, if any, may have been caused and/or contributed to by Plaintiff's own actions, conduct, errors, and/or negligence;

5

the actions, conduct, errors, and/or negligence of Plaintiff's representatives or others; and/or Plaintiff's failure to mitigate damages, and an appropriate instruction apportioning fault and/or mitigating damages may be required to be provided to the trier of fact.

28. Defendant affirmatively states and avers that Plaintiff's claims herein may be barred, in whole or in part, by the terms, provisions, conditions, exclusions, and/or endorsements of any applicable policy of insurance provided by this Defendant, and this Defendant relies upon same as an affirmative defense to Plaintiff's claims against this Defendant, pending further investigation and/or discovery.

29. Defendant affirmatively states and alleges that those affirmative defenses set forth in Kentucky Rule of Civil Procedure Number 8 and Number 12 may bar in whole, or in part, Plaintiff's claims as against this Defendant, and Defendant herein adopts those affirmative defenses as of set forth here and in full, subject to further investigation and/or discovery.

30. Plaintiff's claim for punitive damages is barred, in whole or in part, because it violates the laws and the Constitutions of the United States of America and the Commonwealth of Kentucky. The imposition of punitive or exemplary damages against Defendant would violate Defendant's constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, the excessive fines clause of the Eighth Amendment to the Constitution of the United States, the double jeopardy clause of the Fifth Amendment to the Constitution of the United States, similar provisions in the applicable Kentucky Constitution, and/or the common law or public policies of the Commonwealth of Kentucky, and/or applicable statutes and court rules, and the circumstances of this litigation, including but not limited to:

    a. imposition of such punitive damages by a jury which, 1) has not been provided standards of sufficient clarity for determining the appropriateness, and the

appropriate size, of such a punitive damage award; 2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment; 3) is not expressly prohibited from awarding punitive damages, or determining an amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the status, wealth, or state of residence of Defendant; 4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and 5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

b. imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise and/or inconsistent;

c. imposition of such punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

d. imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damage issues only if and after the liability of Defendant has been found on the merits;

e. imposition of such punitive damages, and determination of the amount of an award thereof, under the laws of the Commonwealth of Kentucky, subject to no

7

    predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; and/or

  f. imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Defendant's conduct in connection with the matters alleged in this litigation, or in any other way subjecting Defendant to impermissible multiple punishment for the same alleged wrong.

31. Defendant respectively reserves the right to amend and/or supplement this Answer based upon further investigation and/or discovery.

**WHEREFORE**, Defendant, Auto-Owners Insurance, respectfully demands as follows:

1. That Plaintiff's Complaint against it be dismissed with prejudice;

2. For its costs and attorney fees herein expended;

3. For Trial by jury on all issues so triable; and

4. For any and all other proper relief to which Defendant, Auto-Owners Insurance, may be entitled.

        /s/ David K. Barnes_____
        David K. Barnes
        BARNES MALONEY PLLC
        401 W. Main Street, Suite 1600
        Louisville, KY 40202
        T: (502) 583-4777
        F: (502) 583-4780
        dbarnes@sbmkylaw.com
        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was this 3rd day of January 2023, electronically filed using the court's E-filing System which will send electronic notification to:

Scott Triplett
Triplet & Carothers
8004 Lyndon Centre Way, Suite 102
Louisville, KY 40222
T: (502) 425-5562
probate@rozlaw.com
*Counsel for Plaintiff*


/s/ David K. Barnes _____
BARNES MALONEY PLLC